**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JUAN CARLOS BATISTA-GARCIA,

Plaintiff,

v.

CLARK COUNTY DETENTION CENTER,

Defendant.

Case No.  2:23-cv-00838-GMN-BNW

SCREENING ORDER

Plaintiff Juan Carlos Batista-Garcia, who is incarcerated at Clark County Detention Center, has submitted a civil-rights complaint under 42 U.S.C. § 1983 and filed an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1).  The Court now addresses the application to proceed *in forma pauperis* and screens the Complaint under 28 U.S.C. § 1915A.

**I.      IN FORMA PAUPERIS APPLICATION**

Based on the financial information provided, the Court finds that Batista-Garcia is not able to prepay the full filing fee in this action. (*See* ECF No. 1 at 4).  The Court also finds that Batista-Garcia is not able to pay an initial installment toward the full filing fee under 28 U.S.C. § 1915. (*See id.*).  The Court grants Batista-Garcia's application to proceed *in forma pauperis*, however, Batista-Garcia will be required to make monthly payments toward the full $350 filing fee when he has funds available.

**II.     SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2).  *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983,

a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if the plaintiff clearly cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels, conclusions, or a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A reviewing court should "begin by identifying [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.*  "When there are well-pleaded factual allegations, a court

2

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist, as well as claims based on fanciful factual allegations, like fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## III.   SCREENING OF COMPLAINT

In his Complaint, Batista-Garcia sues Clark County Detention Center ("CCDC") for events that took place while he was incarcerated at that facility. (ECF No. 1-1 at 1–2). He brings one claim and seeks monetary relief. (*Id.* at 3–4). Batista-Garcia alleges that on January 8, 2023, while he was using shower 6DN05A, a masked or helmeted, naked man entered the shower and tried to grab him. (*Id.* at 3). Batista-Garcia shouted at the man not to touch him. (*Id.*) The man stood "gawking" at Batista-Garcia, then told him to put on his boxers and "demanded" that Batista-Garcia lie "down on the cold dirty floor." (*Id.*)

Based on these allegations, Batista-Garcia contends that he was sexually harassed in violation of NRS 396.133. That statute defines sexual harassment within the context of Nevada's system of higher education. So, the Court liberally construes the Complaint as bringing claims based on three different theories of liability: (1) unsafe jail conditions, (2) violation of bodily privacy, and (3) sexual harassment. Batista-Garcia does not allege whether he was a pretrial detainee or had been convicted of a crime and was serving a custodial sentence during the events of the Complaint. For the purposes of this screening order, the Court assumes that Batista-Garcia was a pretrial detainee at CCDC during the events of the Complaint. The Court addresses each theory of liability and any issues below.

A.     **CCDC is a building, not a proper defendant**

The statute that allows inmates like Batista-Garcia to bring civil-rights actions like this one—42 U.S.C. § 1983—authorizes suits against only a "person" acting under the color of state law.  But CCDC is a building, not a person who can act or be sued.  Moreover, liability exists in § 1983 suits "only upon a showing of personal participation by the defendant," *Taylor v.* List, 880 F.2d 1040, 1045 (9th Cir. 1989), and "[b]ecause vicarious liability is inapplicable in *Bivens* and § 1983 suits, a plaintiff must plead that each [g]overnment-official defendant, through the official's own individual actions, has violated the constitution." *Iqbal*, 556 U.S. at 676.  The Court therefore dismisses with prejudice Defendant CCDC because amendment would be futile.

B.     **Municipal liability**

A municipality like a county or the Las Vegas Metropolitan Police Department, which operates CCDC, can be found liable under 28 U.S.C. § 1983 if it causes the violation at issue. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978)).  To state a claim for municipal or county liability, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit. *City of Canton*, 489 U.S. at 385.  "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *See Connick v. Thompson*, 563 U.S. 51, 61 (2011).  Municipalities are not vicariously liable under § 1983 for their employees' actions. *Id.* at 60.

A policy has been defined as "a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *Monell*, 436 U.S. at 690); *see also Waggy v. Spokane Cnty. Washington*, 594 F.3d 707, 713 (9th Cir. 2010).  The weight of authority has established that a "policy can be one of action or inaction" within the meaning of *Monell*. *Waggy*, 594 F.3d at 713 (citing *City of Canton*, 489 U.S. at 388).  "Both types of claims require that the plaintiff prove a constitutional violation." *Id.* (citing 42 U.S.C. § 1983).

C.      **Fourteenth Amendment—unsafe jail conditions**

A pretrial detainee's claims challenging unconstitutional conditions of confinement fall under the Fourteenth Amendment's Due Process Clause. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124 & n.2 (9th Cir. 2018).[1]  The Court evaluates Fourteenth Amendment conditions-of-confinement claims under the objective deliberate indifference standard. *See id.*  To establish unconstitutional conditions of confinement, a pretrial detainee must prove that,

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125; *see also Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016).  When evaluating the objective reasonableness of the defendant's conduct, a pretrial detainee may show that "the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 576 U.S. 389, 397–98 (2015).

Batista-Garcia alleges that while he was showering, a helmeted or masked, naked man entered the shower, threatened to touch him, gawked at him, and made him put on his boxers and lie on the floor.  These allegations are not enough to state a colorable claim about unsafe jail conditions because Batista-Garcia does not allege facts that any government official made an intentional decision about the shower condition that put him at risk of sexual harassment or having his bodily privacy violated.  And he fails to identify what reasonable available measures any government official could have taken to abate the risk.  But it does not yet appear that Batista-Garcia cannot state any set of facts upon which relief could be granted.  So, the Court dismisses the Fourteenth Amendment unsafe-jail-conditions claim without prejudice, and grants leave to amend this claim.

---

[1] However, the "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993).

### D.    Fourteenth Amendment—bodily privacy and sexual harassment

"Prisoners retain a limited right to bodily privacy." *Byrd v. Maricopa Cnty. Bd. of Supervisors*, 845 F.3d 919, 923 (9th Cir. 2017) (internal quotation and brackets omitted).  Pretrial detainees have "at least the same right to bodily privacy as a prisoner." *Id.*  "Most cases that involve unwanted sexual contact or harassment by public officials have been analyzed under the substantive due process right to be free from violations of bodily integrity under the Fourteenth Amendment." *Vasquez v. Cnty. of Kern*, 949 F.3d 1153, 1162 (9th Cir. 2020) (quoting *Fontana v. Haskin*, 262 F.3d 871, 881–82 n. 6 (9th Cir. 2001)).  "'The threshold question'" for this claim "'is whether the behavior of the government officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 848 n.8 (1998)).

The allegations arguably describe conduct that is sufficiently outrageous for the Fourteenth Amendment's purposes.  But the Complaint fails to state a colorable claim for sexual harassment or violation of bodily privacy because there is no allegation that the naked man was a government official.  To state a colorable claim under this legal theory, Batista-Garcia must affirmatively plead that the naked man was a government official or employee—even if that contention is on information and belief—if he can do so truthfully.  And Batista-Garcia must allege any true facts supporting that contention.  The Court therefore dismisses the Fourteenth Amendment claim about bodily privacy and sexual harassment without prejudice, and grants leave to amend this claim.

## IV.    LEAVE TO AMEND

Because it appears that Batista-Garcia could cure the deficiencies of his Fourteenth Amendment claims about unsafe prison conditions and bodily privacy and harassment, the Court grants him leave to amend to attempt to replead those claims.  This means Batista-Garcia has leave to plead true facts to show that any government official, like a jail employee, made an intentional decision about the shower condition that put him at risk of sexual harassment or having his bodily privacy violated, and what reasonable available measures the government official could have taken to abate the risk.  Batista-Garcia also has leave to affirmatively plead that the naked man was a

1   government official—even if that conclusion is stated on information and belief—if he can do so

2   truthfully, and allege any true facts supporting that contention.

3          Batista-Garcia is cautioned that the use of John Doe or similar means to identify a

4   defendant is not favored in the Ninth Circuit, however, flexibility is allowed in cases in which the

5   identity of the parties will not be known before filing a complaint but can subsequently be

6   determined through discovery. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  Batista-

7   Garcia should attempt to plead the true name of any defendant or plead additional true facts to

8   show that the defendant's true name is capable of being determined through discovery.   For

9   example, if Batista-Garcia attempts to replead his Fourteenth Amendment claim about bodily

10  privacy and sexual harassment, but does not know the true name of the naked man, he should plead

11  additional facts like the approximate time the event happened, whether anyone witnessed it, and

12  the man's description, i.e., race, height, weight, etc.

13         If Batista-Garcia chooses to file an amended complaint, he is advised that an amended

14  complaint replaces the original complaint, so the amended complaint must be complete in itself.

15  *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989)

16  (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended

17  pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir.

18  2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege them

19  in a subsequent amended complaint to preserve them for appeal).   This means Batista-Garcia's

20  amended complaint must contain all claims, defendants, and factual allegations that he wishes to

21  pursue in this lawsuit.  Batista-Garcia should file the amended complaint on this Court's approved

22  prisoner-civil-rights form, and it must be entitled "First Amended Complaint."   Batista-Garcia

23  must follow the instructions on the form.  He need not and should not allege very many facts in

24  the "nature of the case" section of the form.  Rather, in each claim, he should allege facts sufficient

25  to show what each defendant did to violate his civil rights.

26  **V.      CONCLUSION**

27         It is therefore ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1)

28  is **GRANTED**.  Plaintiff will **not** be required to pay an initial installment fee.  The movant herein

1  is permitted to maintain this action to conclusion without the necessity of prepayment of fees or

2  costs or the giving of security therefor.

3       It is further ordered that, under 28 U.S.C. § 1915, as amended by the Prison Litigation

4  Reform Act ("PLRA"), the Clark County Detention Center ("CCDC") will forward payments from

5  the account of **JUAN CARLOS BATISTA-GARCIA, #7107773** to the Clerk of the United States

6  District Court, District of Nevada, 20% of the preceding month's deposits (in months that the

7  account exceeds $10) until the full $350 filing fee has been paid for this action.  If Plaintiff should

8  be transferred and become under the care of the Nevada Department of Corrections, the CCDC

9  Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of

10  Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov,

11  indicating the amount that Plaintiff has paid toward his filing fee, so that funds may continue to be

12  deducted from Plaintiff's account.

13       It is further ordered that, even if this action is dismissed, or is otherwise unsuccessful, the

14  full filing fee will still be due under 28 U.S.C. §1915, as amended by the PLRA.

15       It is further ordered that the Fourteenth Amendment claims about unsafe jail conditions

16  and violation of bodily privacy and sexual harassment are **DISMISSED without prejudice and**

17  **with leave to amend**.

18       It is further ordered that Defendant Clark County Detention Center is **DISMISSED with**

19  **prejudice because amendment would be futile**.

20       It is further ordered that if Plaintiff chooses to file an amended complaint, he should use

21  the approved form and he will title it "First Amended Complaint."  Plaintiff is advised that the

22  Court will screen the amended complaint in a separate screening order and the screening process

23  will take several months.  If Plaintiff chooses not to file an amended complaint, this action will be

24  subject to dismissal without prejudice for failure to state a claim.

25       It is further ordered that Plaintiff has **until July 6, 2023** to file an amended complaint.

26  / / /

27  / / /

28

8

1    The Clerk of the Court is directed to (1) file the Complaint (ECF No. 1-1); (2) send Plaintiff

2    Juan Carlos Batista-Garcia the approved form for filing a 42 U.S.C. § 1983 complaint, instructions

3    for the same, and a copy of his Complaint (ECF No. 1-1); and (3) send a copy of this order to the

4    Finance Division of the Clerk's Office and the **CCDC Accounting Supervisor, 330 S. Casino**

5    **Center Blvd., Las Vegas, NV 89101.**

6

7

8    DATED:_____June 2, 2023_____

9

10                                                    _____
                                                      GLORIA M. NAVARRO
                                                      UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28