**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JUAN CARLOS BATISTA-GARCIA, | Case No. 2:23-cv-00838-GMN-BNW |
| Plaintiff, | ORDER DISMISSING AND CLOSING CASE |
| v. | |
| CLARK COUNTY DETENTION CENTER, | |
| Defendant. | |

This action began with a *pro se* civil-rights complaint under 42 U.S.C. § 1983 submitted by an inmate in Clark County Detention Center together with an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1).  On June 2, 2023, the Court granted the application to proceed *in forma pauperis* and screened the Complaint, dismissing it entirely with leave to amend by July 6, 2023. (ECF No. 3).  The Court warned Plaintiff that this action would be subject to dismissal without prejudice if he did not file an amended complaint by July 6, 2023. (*Id.* at 8).  That deadline has passed, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's June 2, 2023, order.

**I.    DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).  In determining whether to dismiss an action on these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

1   drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir.

2   2006) (quoting *Malone*, 833 F.2d at 130).

3         The first two factors, the public's interest in expeditiously resolving this litigation and the

4   Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims.  The third

5   factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of

6   injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v.*

7   *Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor—the public policy favoring

8   disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

9         The fifth factor requires the Court to consider whether less drastic alternatives can be used

10   to correct the party's failure that brought about the need to consider dismissal. *Yourish v. Cal.*

11   *Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives

12   *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v.*

13   *Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002).  Courts "need not exhaust every sanction short

14   of dismissal before finally dismissing a case, but must explore possible and meaningful

15   alternatives." *Henderson*, 779 F.2d at 1424.  Because this action cannot proceed without Plaintiff

16   filing an amended complaint and litigation cannot progress without a plaintiff's compliance with

17   court orders, the only alternative is to enter a second order setting another deadline.  But issuing a

18   second order will only delay the inevitable and further squander the Court's finite resources

19   because it appears that Plaintiff ignored the Court's earlier order.  Setting another deadline is not

20   a meaningful alternative given these circumstances.  So, the fifth factor favors dismissal.  Having

21   thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

22   **II.**  **CONCLUSION**

23         IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** without prejudice

24   based on the plaintiff's failure to file an amended complaint in compliance with the Court's June

25   2, 2023, order, and for failure to state a claim.  The Clerk of Court is directed to **ENTER**

26   / / /

27   / / /

28   / / /

2

**JUDGMENT** accordingly and **CLOSE THIS CASE**. If Juan Carlos Batista-Garcia wishes to pursue his claims, he must file a complaint in a <u>new</u> case, and either apply for *in forma pauperis* status or pay the required filing fee for that action.

DATED:  July 19, 2023

_____

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

3